JOSIAH T. SHURLEY v. STATE OF MISSISSIPPI.

[43 South., 299.]

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Amendment. Code 1906, § 1509.*

Where the prosecuting attorney, without leave of court and in disregard of Code 1906, § 1509, providing how indictments may be amended, changed the name of the party alleged to have been assaulted in an indictment for an assault with intent to kill and murder, defendant's motion to quash the amended indictment, the facts being shown, should have been sustained and its denial by the trial court constitutes reversible error.

2. SAME. *How amendments made.*

An indictment can only be amended as provided by Code 1906, § 1509, regulating the subject and requiring an order on the minutes of the court specifying the amendment.

FROM the circuit court of Yazoo county.

HON. DAVID M. MILLER, Judge.

Shurley, the appellant, was indicted and tried for an assault with intent to kill and murder; was convicted of and sentenced for a mere assault and appealed to the supreme court.

The facts touching the amendment of the indictment upon

which the case was decided by the supreme court appear from the opinion of the court.

*E. R. Holmes,* for appellant.

1. The amendment of the indictment was not a formal amendment but was an amendment as to a matter of substance which could not and cannot be made by the court or by the grand jury. To change the name of the party whom Shurley was charged with having assaulted was equivalent to changing the identity of the offense. This not being a case of one person with two names, but two persons with different names, both of whom were before the grand jury as witnesses, both of whom were present at the scene of the difficulty, and participants therein. Identity of name is not essential but identity of offense is.

2. At the common law an indictment once filed cannot be withdrawn for amendment (43 Ark., 91), and there is no provision under our law by which an indictment can be amended by the grand jury, after having once been filed.

3. There was no order of court directing the indictment to be amended and the nature of the amendment is such that no order of court could be entered directing it to be amended on a new trial.

4. If the state contends that it is a new indictment, then we reply, it has never been signed by the foreman, and has never been marked "filed." True, the clerk marked the indictment "refiled," but he did not mark it "filed," and it was never signed by the foreman. The action of the clerk in marking the indictment "refiled" instead of "filed" shows that it was treated as the original indictment amended, and not as a new indictment for a different offense. If the indictment is to be treated as a new indictment it must have every essential ingredient of a new indictment. It should have been presented to the court by the foreman of the grand jury, in the presence of at least twelve of such jurors, including the foreman, and should have

been marked "filed." If you treat this as a new and not an amended indictment, it never has been marked "filed." As the term of the court has expired at which the indictment was presented, it cannot be marked filed and treated as a new indictment. *Stanford* v. *State,* 76 Miss., 257, s.c., 24 South., 536.

The authority of our own court is not wanting to support these propositions. *Blumenberg* v. *State,* 55 Miss., 528; *Miller* v. *State,* 53 Miss., 403.

After an indictment has been once presented and filed, there are only five instances under our practice wherein it may be amended as to matter of form. It can never be amended as to matter of substance.

The first is § 1353 of the Code of 1892, providing for amendment in case of a dilatory plea; it is as follows:

"An indictment or information shall not be abated by reason of any misnomer or dilatory plea; but in such case, the court shall forthwith cause the same to be amended according to the proof, and shall proceed as though such plea had not been pleaded; and an indictment shall not be held insufficient for want of, or imperfection in the addition of any defendant."

The second is sec. 1354 of the Code of 1892, providing that all objections to an indictment for a defect appearing on the face thereof shall be taken by demurrer, and that the court for any formal defect may cause the indictment to be forthwith amended.

The third is sec. 1355 providing that all objections to an indictment for any defect dehors the face thereof, presenting an issue to be tried by the court, shall be taken by motion to quash, and that the right to amend shall be as in the last preceding section, to-wit, for any formal defect.

The fourth is sec. 1357 providing for the insertion in an indictment of the same of any defendant who has been charged as a person unknown to the grand jury.

The fifth is sec. 1435 providing for an amendment when-

ever on the trial there shall appear to be any variance between
the indictment and the proof, if the court shall consider such
variance not material to the merits of the case.

There is no statute under our law authorizing the amend-
ment of an indictment by the grand jury. Up to the time of
the adoption of the Code of 1880, the grand jury were author-
ized by statute to amend an indictment. See § 2794 of
Code of 1871, which is as follows:

"All indictments must be presented to the court by the fore-
man of the grand jury, in the presence of at least twelve of such
jury, including such foreman, and must be marked "filed" and
such entry dated and signed by the clerk, and may, with the
consent of such grand jury or of the court, be amended at any
time during the term at which it was found, or afterwards
by the consent of the defendant alone, with the permission of
the court."

This section was amended under the Code of 1880 (§
3006), so as to leave the grand jury without power of amend-
ment, and was brought forward unchanged in § 1346 of the
Code of 1892, still leaving the grand jury without power of
amending an indictment once filed.

I have been able to find no statute enacted since that time
authorizing a grand jury to amend an indictment.

An indictment once filed cannot be withdrawn for amend-
ment. *State* v. *Springer,* 43 Ark., 91; an indictment cannot
be amended. *Patrick* v. *People,* 132 Ill., 529; 24 N. E., 619.

Indictments are not within the operation of the statutes of
amendment. *Finch* v. *State,* 6 Black, 533.

An indictment can not be amended. *State* v. *McCarty,* 2
Chand., 199, Pin., 513, 54 Am. Dec., 150.

Where an indictment is defective because the prosecutor's
name is not indorsed thereon, the defect cannot be amended
after trial, since the law of amendments does not apply to crim-
inal cases. *Moore* v. *State,* 21 Miss.

The case of *State* v. *Springer,* 43 Ark., 91, is exactly in

point. The facts are identically the same in every essential particular. If the court will change the name of the appellant and the offense he is charged with, the language of that decision could be adopted as the opinion of the court in this case.

*R. V. Fletcher,* assistant attorney-general, for appellee.

This case presented the question whether after an indictment has been filed, a clerical misprision can be corrected. It seems to be sufficiently clear that the indictment was voted for an assault on Dodd. The mistake, as the district attorney explains, arose from the fact that he was laboring under an erroneous impression when he wrote the indictment. The change made by the district attorney was for the purpose of making the indictment conform to the facts; the fact being that no indictment had been found against defendant for assaulting Thompson, but one had in reality been found against defendant for assaulting Dodd.

It is perfectly manifest that upon proper application to the court this indictment could have been amended. It was a defect in form and not in substance. The amendment would not have changed the finding or action of the grand jury. It would merely have conformed the written evidence of the grand jury to the real action of such grand jury. I think that § 1508 of the Code of 1906 gives ample authority for such amendment. For construction of this statute see *Miller* v. *State,* 53 Miss., 403; *Wood* v. *State,* 64 Miss., 761, s.c. 2 South., 247; *Miller* v. *State,* 68 Miss., 221, s.c. 8 South., 273; *Foster* v. *State,* 52 Miss., 695; *Peebles* v. *State,* 55 Miss., 528; *Orr* v. *State,* 81 Miss., 130, s.c., 32 South., 998.

It is true that this amendment was not made upon application to the court and by its order as provided by Code, §§ 1508 and 1509, but these authorities are cited to show that the defect was amendable.

CALHOON, J., delivered the opinion of the court.

The indictment charged the assault as made on J. R. Thomp-

son and was duly presented and filed in the court. It appears as admitted that the prosecuting officer himself changed it by erasing the name of J. R. Thompson and substituting the name of W. E. Dodd for it as the man assaulted. Because of this change the defendant made a motion to quash which was erroneously overruled. If the indictment before us was amendable at all, which we do not decide, it could be done only in strict conformity with Code 1906, § 1509. It must be by an order of the court, that order must be spread on the minutes, and that order must specify precisely the amendment.

· <em>Reversed and remanded.</em> .