DAVIS *v.* STATE.*

(Division A. May 14, 1928.)

[117 So. 116. No. 26952.]

*Corpus Juris-Cyc. References: Indictments and Informations, 31CJ, p. 824, n. 51; p. 830, n. 59.

*Holmes & Fant,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

*Holmes & Fant,* in reply brief for appellant.

Argued orally by *Herbert Fant,* for appellant, and *James W. Cassedy, Jr.,* Assistant Attorney-General., for the state.

McGOWEN, J. The appellant, Manuel Davis, was convicted in the circuit court of Panola county on a charge of murder, and sentenced to life imprisonment in the penitentiary.

In view of the fact that we have determined that this case must be reversed and remanded for another trial. we shall not undertake to set out the facts as disclosed by the record.

The indictment charged that the defendant, the appellant, Manuel Davis, killed, etc., Ernest Jones, a human being. No witness testified that the appellant killed *Ernest Jones.* Without contradiction, it appears that the name of the deceased was *Man Jones.* During the trial, the district attorney, thinking it necessary to amend the name of the deceased to "Man" Jones instead of "Ernest" Jones, in the indictment, called the court's attention to such matter, and leave was orally granted to so amend. No order was entered on the minutes of the court permitting this amendment, but an amendment was attempted by the district attorney's altering the indictment, in that he undertook to erase the word "Ernest" and insert the word "Man."

Section 1329, Hemingway's 1927 Code (section 1508, Code of 1906), sets forth, in detail, what amendments may be made on the trial of an indictment, when there is variance between the statement in the indictment and the evidence offered in proof thereof; and, among other things, set forth that the Christian name, or surname, or both, of any person named or described therein, may be amended. It was held by this court in the case of

*Kline* v. *State,* 44 Miss. 317, that, if a material element of the crime or a necessary negation be omitted, the indictment cannot, by authority of the statute, be amended so as to cure the defect. In *Blumenberg* v. *State,* 55 Miss. 528, it was held that identity of name was not essential, and amendments could be made therein, but identity of the offense and of the person is essential, and cannot be amended. In *Smith* v. *State,* 103 Miss. 356, 60 So. 330, this court held that under the section, *supra,* the court may allow an amendment to an indictment so as to give the correct Christian name of the accused.

The attorney-general cites the case of *Woulard* v. *State,* 137 Miss. 808, 102 So. 781, in which case an amendment was not made, but the proof showed that the deceased was known as well by one name as by another, and the court held that a failure to amend the indictment under the circumstances was not reversible error. Likewise in the case of *Lee* v. *State,* 138 Miss. 483, 103 So. 233. But, in the case at bar, in order to preserve the identity of the offense, it is necessary and proper to amend the indictment so as to charge that "Man" Jones was killed instead of "Ernest" Jones; and the amendment to the indictment was permissible under the statute quoted, *supra,* as the offense is identical. However, section 1330, Hemingway's 1927 Code (section 1509, Code of 1906) is in the following language:

"The order of the court for such amendment shall be entered on the minutes, and shall specify precisely the amendment, and shall be a part of the record of said case, and shall have the same effect as if the indictment or other proceeding were actually changed to conform to the amendment; and wherever necessary or proper for the guidance of the jury, or otherwise, the clerk shall attach to the indictment a copy of the order for amendment."

This court held in the case of *Shurley* v. *State,* 90 Miss. 415, 43 So. 299, that, where an indictment was changed

by the prosecuting attorney, it should have been quashed, as an indictment can only be amended by an order spread upon the minutes, and specifically as provided by the Code of 1906, section 1509. There was no motion to quash this indictment. The defendant objected to an amendment to same being made; and the amendment attempted to be made was done in a manner not authorized by law, and the defendant asked at the conclusion of the testimony for a peremptory instruction. The indictment and judgment show a conviction for the murder of Ernest Jones, when, as a matter of fact, the proof shows that Ernest Jones was not the man killed. The secret indictment record and the judgment of the court would not show this unauthorized alteration of the indictment by the district attorney, and the object of section 1330 is to make a record showing of the amendments which are permitted under the statute to cure variances.

True it is that the evidence shows that "Man" Jones was killed, but the indictment and judgment would not disclose that Manuel Davis, the defendant, was convicted of the murder of "Man" Jones, but it would disclose that the indictment and judgment were for the murder of "Ernest" Jones. If the order had been entered on the minutes, then the record would have disclosed the identity of person and of offense. Therefore, under the decisions of *Clark* v. *State,* 100 Miss. 751, 57 So. 209, 38 L. R. A. (N. S.) 187, Ann. Cas. 1914A, 463, and *Shurley* v. *State, supra,* this case must be reversed, and the cause remanded for another trial.

*Reversed and remanded.*