The appellant, Gibson Sturgis, was indicted and convicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, on a charge of uttering and publishing a forged and counterfeit check. From a sentence of fifteen years, five of which were suspended, the appellant appeals.
The state's evidence showed that Michael Carano, an employee of United Tire and Rubber Company, which was a subsidiary of Giant Tire Industries, agreed to sell the appellant Sturgis a quantity of truck tires for the sum of $9,500.00. Pursuant to this agreement, Carano met with Sturgis and one James Puckett, a coindictee, at the Sheraton Hotel in Jackson. At this meeting, a cashier's check drawn on the First National Bank of Jackson and payable to United Tire and Rubber Company, Inc., was delivered by Sturgis and Puckett to Carano. The check made no reference to Giant Tire Industries. The check was signed by one James Hinton, a purported officer of First National Bank of Jackson, and was deposited in a California Bank by Carano but was subsequently dishonored by First National Bank.
The state's evidence further showed that First National Bank had no record of having issued the check and that there had never been anyone employed by First National Bank by the name of James Hinton, the person who purportedly signed the check for the Bank.
At the close of the state's case, the prosecuting attorney made a motion to amend the indictment because it incorrectly recited that Sturgis had uttered a forged check to United Tire and Rubber Co., a division of Grant Tire Industries, Inc., a California corporation, while the proof showed that United Tire and Rubber Company was a division of Giant Tire Industries, Inc., a California corporation. Over appellant's objection the trial court orally sustained the state's motion to amend the indictment so as to change Grant Tire Industries, Inc., a California corporation, to read Giant Tire Industries, Inc., a California corporation. No order allowing the amendment was placed on the minutes of the court nor was the indictment physically altered to conform to the proposed amendment.
Sturgis concedes that under Mississippi Code Annotated section99-17-13 (1972)[1], that the indictment could properly be amended to show the correct name of the corporation. However, he contends that since no order allowing the amendment was placed on the minutes of the court that there was in fact no valid amendment to the indictment and consequently there was a material variance between the state's evidence and the indictment. Because of this alleged error, it is urged that the judgment and conviction be reversed. *Page 536 
At common law, an indictment once filed could not be withdrawn for amendment. State v. Springer, 43 Ark. 91 (1884). However, the Mississippi Legislature has enacted what is now Mississippi Code Annotated section 99-17-15 (1972) which specifies the manner in which an indictment may be amended, and it reads as follows:
 The order of the court for amendment[2] of the indictment, record or proceedings provided in section 99-17-13 shall be entered on the minutes, and shall specify precisely the amendment, and shall be a part of the record of said case, and shall have the same effect as if the indictment or other proceeding were actually changed to conform to the amendment; and wherever necessary or proper for the guidance of the jury, or otherwise, the clerk shall attach to the indictment a copy of the order for amendment.
The Court has not strictly adhered to the mandate of the statute that "The order of the court for amendment of the indictment, . . . shall be entered on the minutes. . . ."
In cases where no objection was made at trial to the state's motion to amend an indictment, and the court orally allowed the amendment, and the district attorney made the amendment on theface of the indictment by interlining or otherwise, and the amendment was not jurisdictional, the Court has held objection could not be raised for the first time on appeal that no order allowing the amendment was put on the minutes of the court. SeeMahfouz v. State, 303 So.2d 461 (Miss. 1974); Jones v. State,279 So.2d 594 (Miss. 1973); Richburger v. State, 90 Miss. 806, 44 So. 772 (1907).
On the other hand, the Court has held that where the defendant objects to the state's motion to amend and the objection is overruled and the amendment is allowed by the court but no order allowing the amendment is placed on the minutes of the court, a variance between the indictment as originally drawn and the proof is fatal, even though the district attorney made the amendment on the face of the indictment. Shurley v. State, 90 Miss. 415, 43 So. 299 (1907); Davis v. State, 150 Miss. 797, 117 So. 116
(1928).
Although the objections interposed in those cases were not directed to the fact that no order was placed on the minutes of the court allowing the amendments, we would point out that inJones v. State, 279 So.2d 594 (Miss. 1973), where the amendment was made on the face of the indictment by striking out the name "Larry" and entering the name "James", this Court said:
 In the trial appellant waived any objection to the amendment, and made no point of the fact that the order authorizing the amendment was not entered upon the minutes of the court prior to actual making of the amendment. He waived his right to urge reversible error so far as the amendment is concerned. The rule is now well established in this state that objections and exceptions, not jurisdictional in nature, cannot be raised for the first time on appeal. Ellis v. State, 254 So.2d 902 (Miss. 1971). (279 So.2d at 595-96). *Page 537 
It is clear from this language that, under the circumstances above presented, a defendant must specifically bring the absence of an order on the minutes of the court allowing the amendment to the attention of the trial court, or the error will be waived and it may not be raised for the first time on appeal.
It is apparent from the foregoing authorities that the attempted amendment to the indictment against the appellant, Sturgis, was of no effect for the reason that there was no order authorizing the amendment placed on the minutes of the court nor was the amendment made on the face of the indictment.
The state correctly points out, however, that where an attempted amendment to an indictment fails, yet there is no variance between the indictment as it was originally drawn and the proof, there would be no error because the indictment stands good as it was originally drawn. Mahfouz v. State,303 So.2d 461 (Miss. 1974).
This case falls within that rule. The indictment against Sturgis alleged that he defrauded United Tire and Rubber Company, a division of Grant Tire Industries, Inc., a California Corporation. The check alleged to be forged was physically attached to and referred to in the indictment and was payable to United Tire and Rubber Company, Inc. The recital in the indictment that United Tire and Rubber Company was a division of Grant Tire Industries, Inc., a California Corporation, was merely surplusage and unnecessary since the identity of the company intended to be defrauded was clearly set forth. We have recognized that unnecessary averments or words in an indictment may be treated as surplusage and disregarded. Jones v. State,279 So.2d 594 (Miss. 1973).
This case also comes within the rule that where a copy of the check charged to be forged and uttered was physically attached to the indictment, that even though there was a slight variance between the indictment and the check, that the case will not be reversed if there is no possibility that the defendant could be again prosecuted for the same offense. See Stone v. State,242 So.2d 127 (Miss. 1970). There is no such possibility in this case.
We are, therefore, of the opinion that although the proposed amendment to the indictment was not effectively made, the indictment as originally written did not require amendment since the identity of the company defrauded was clearly set forth in the indictment and shown by the check attached thereto. Consequently, the indictment was good as originally drawn. The reference to United Tire and Rubber Company being a division of Grant Tire and Rubber Company, Inc., a California Corporation, was unnecessary surplusage.
We have considered the other points referred to in appellant's brief but find them to be without merit.
The judgment of the trial court is therefore affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
[1] Whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, in the name of any county, city, town, village, division, or any other place mentioned in such indictment, or in the name or description of any person or body politic or corporate, therein stated or alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein, or in the name or description of any person, body politic or corporate, therein stated or alleged to be injured or damaged; or intended to be injured or damaged, by the commission of such offense, or in the Christian name or surname, or both, or other description whatever, of any person whomsoever, therein named or described, or in the ownership of any property named or described therein, or in the description of any property or thing, it shall and may be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment and the record and proceedings in the court to be announced according to the proof, whenever it may be deemed necessary by the court to amend such indictment, record, and proceedings, on such terms as to postponing the trial, to be had before the same or another jury, as the court shall think reasonable. After such amendment, the trial shall proceed in the same manner, and with the same consequences in all respects, as if a variance had not occurred; but if the court shall, on application, refuse a continuance, the defendant may take a bill of exceptions thereto, and assign such refusal for error.
[2] Research reveals the following general law with reference to the amendment of indictments.
 (a) It is not required, when the court allows an amendment to be made, that the trial be suspended and court remain at rest while and until the clerk records the order on the minutes. Thomas v. State, 167 Miss. 504, 142 So. 507 (1932).
 (b) An amendment to an indictment entered after trial, in vacation, is a nullity. Unger v. State, 42 Miss. 642 (1869); Jones v. State, 279 So.2d 650
at 651 (Miss. 1973).
 (c) The Supreme Court has stated that it will not look to the stenographer's notes to determine whether an amendment has been allowed by the court and made. Crane v. State, 157 Miss. 548, 128 So. 579 (1930). However, a reading of later cases makes it evident that the court, out of necessity to determine whether an objection was or was not made to an amendment, whether the indictment was amended by being physically altered and whether an order was placed on the minutes, does in fact examine the pertinent parts of the entire record on appeal, including the stenographer's notes.