McMILLIN, C.J.,
for the Court.
¶ 1. Edward Swedenburg, after pleading guilty to three separate criminal counts, filed a motion for post-conviction relief asserting that he was improperly sentenced as a habitual offender as to two of those counts for the reason that, at the time he was sentenced, the indictment did not properly charge him with being a habitual offender. The circuit court denied Swe-denburg any relief without a hearing and Swedenburg perfected his appeal to this Court. We affirm the judgment of the circuit court.
I.
Facts
¶ 2. Swedenburg was indicted on multiple counts of criminal activity by the Lowndes County grand jury. On November 25, 1997, in a hearing before the circuit court, the State moved ore tenus to amend the indictment to allege Swedenburg to be a habitual offender subject to enhanced punishment as to counts one and two in the indictment. The prosecuting attorney indicated to the court that the defense had been served with a written copy of the motion; however, no such motion appears in the record now before us. Nevertheless, defense counsel did not contradict the State’s representation and, when asked to respond to the motion, defense counsel answered, “No objection.” The court proceeded to sentence Swedenburg pursuant to a recommendation made by the State that included a requirement that the sentence as to counts one and two be served *499 without the possibility of parole or probation. The judgments of sentence were dated November 25, 1997, and filed that same date by the clerk.
¶ 3. The two orders actually amending the indictment were signed and filed on December 1,1997.
II.
Procedure for Amending an Indictment
¶ 4. It is Swedenburg’s contention in this appeal that he was improperly sentenced as a habitual offender because, at the time sentence was pronounced, he had not properly been charged in the indictment with having been convicted of the necessary two prior felonies that are a prerequisite to enhanced punishment under Section 99-19-81 of the Mississippi Code (Rev.2000). Swedenburg cites the provisions of Section 1509 of Mississippi’s 1906 Code, which, in its current form, requires that an indictment amendment be by order “entered on the minutes, and shall specify precisely the amendment-” Miss.Code Ann. § 99-17-15 (Rev.2000). Swedenburg suggests that the order amending the indictment, coming as it did, after he had been sentenced was too late and that he could not be properly sentenced as a habitual offender under the form of the indictment existing on November 25.
¶ 5. We conclude that Swedenburg’s consent to the proposed amendment and subsequent failure to register an objection to the manner in which the court was proceeding constitutes a waiver of any defect arising out of the lateness of the order of amendment. In Sturgis v. State, 379 So.2d 534, 536 (Miss.1980), the Mississippi Supreme Court said that it had “not strictly adhered to the mandate of the statute” concerning formal entry of the order of amendment on the minutes. The supreme court went on to say that
[i]n cases where no objection was made at trial to the state’s motion to amend an indictment and the court orally allowed the amendment, and the district attorney made the amendment on the face of the indictment by interlining or otherwise, and the amendment was not jurisdictional, the Court has held objection could not be raised for the first time on appeal that no order allowing the amendment was put on the minutes of the court.
Id. (emphasis in original). In the case now before us, there was no interlineation; however, the prosecution quoted the proposed amendment into the record verbatim and, according to the record, also filed certified copies of the documentary evidence of the prior convictions. The colloquy regarding the plea acceptance contains discussion that demonstrates Swedenburg fully understood the consequences of being sentenced as a habitual offender and was freely and voluntarily prepared to be so sentenced if his tendered pleas of guilt were accepted.
¶ 6. Even as late as this appeal, Sweden-burg has not alleged any prejudice that arose by virtue of the trial court’s failure to suspend the plea acceptance proceedings until a formal written order of amendment could be executed and filed. Just as in Sturgis, where the supreme court found the failure to timely object to the trial court proceeding as if the indictment had been properly amended to constitute a bar to raising the issue for the first time on appeal, we conclude that Swedenburg’s failure to object — and, more to the point, his affirmative consent to the proposed amendment — acts as a bar that prevents him from raising any perceived procedural defect based on the untimeliness of the formal entry of the amending order for the first time in this post conviction relief proceeding.
*500 ¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.