907 So.2d 1005 (2005)
Robert Michael ACREMAN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01548-COA.
Court of Appeals of Mississippi.
April 19, 2005.
Rehearing Denied August 2, 2005.
*1006 Ross Parker Simons, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
IRVING, J., for the Court.
¶ 1. A Jackson County jury convicted Robert Michael Acreman of aggravated assault. The trial court sentenced him to twenty years in the custody of the Mississippi Department of Corrections, with the sentence running consecutively to the sentences for two prior convictions: one in the federal court and one in the state court of Alabama. Aggrieved, Acreman has appealed and seeks a reversal of his conviction and sentence, alleging that (1) the trial court failed to swear the jury, (2) the State was collaterally estopped and prevented by res judicata from proceeding *1007 with aggravated assault charges against him, and (3) the trial judge erred in refusing his proposed simple assault instruction.
¶ 2. We find no reversible error and affirm Acreman's conviction and sentence.

FACTS
¶ 3. On the night of December 9, 2000, as Joseph Saucier was leaving the apartment of his friend, Toni Long, Long alerted him that Acreman was sitting in a parked truck outside of her apartment.[1] Saucier got into his truck and left, but soon afterwards, noticed that Acreman was following him. Acreman continued to follow Saucier, and shortly thereafter, Saucier pulled into the parking lot of a community center where he and Acreman began to exchange words.[2] Saucier testified that as he proceeded to leave the parking lot, he looked into his rearview mirror and observed Acreman standing outside of Acreman's truck. Saucier further testified that he then looked over his shoulder and saw Acreman aiming a gun at him. Acreman was approximately fifty feet from Saucier at this point. As Saucier attempted to drive away, Acreman fired three shots at him. The first bullet struck the back of Saucier's truck, and the second bullet struck Saucier, causing him to sustain critical injuries. Saucier managed to drive to a gas station where he summoned help. Acreman was apprehended approximately twenty minutes after the shooting, and authorities recovered from his truck a rifle and three spent shells. Additional facts will be related during our discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Jury Oath
¶ 4. Acreman first argues that the trial court failed to administer the petit juror's oath to the jury in accordance with Mississippi Code Annotated section 13-5-71 (Rev.2002).[3] Acreman contends that the court's failure to swear the jury was a violation of his fundamental rights and urges this Court to take notice under the plain error doctrine.
¶ 5. The State counters that Acreman failed to make a contemporaneous objection at trial and did not raise the issue in his motion for a new trial. The State argues that as a result, Acreman's argument is procedurally barred. The State alternatively argues that the trial judge is presumed to have sworn the jury because the record reveals that the court made several references to an oath administered to the jury and also stated in its sentencing order that the jury had in fact been sworn.
¶ 6. "[The supreme court] has held that a party who fails to make a contemporaneous objection [to a matter] at trial must rely on plain error to raise the issue on appeal because it is otherwise procedurally barred." Williams v. State, 794 So.2d 181, 187(¶ 23) (Miss.2001) (citing Foster v. State, 639 So.2d 1263, 1288-89 *1008 (Miss.1994)). "The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice." Williams, 794 So.2d at 187(¶ 23) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)). "Further, [the] Court applies the plain error rule only when it affects a defendant's substantive/fundamental rights." Williams, 794 So.2d at 187(¶ 23) (citing Grubb v. State, 584 So.2d 786, 789 (Miss.1991)).
¶ 7. In support of his argument that the failure to swear the jury was in violation of his fundamental rights and thus constitutes reversible error, Acreman relies on Miller v. State, 122 Miss. 19, 84 So. 161 (1920). In Miller, jurors were administered a preliminary oath for the purpose of ascertaining their qualifications to serve as jurors, but were not administered a subsequent oath until after the State and defense had concluded their case. Id. at 161. As a result, the supreme court reversed the defendant's murder conviction and held that because the jury had not been properly sworn, the jurors were unable to legally hear and consider the testimony. Id. at 162-63.
¶ 8. Acreman's reliance upon Miller, however, is misplaced, and more on point are the cases of Bell v. State, 360 So.2d 1206 (Miss.1978) and Young v. State, 425 So.2d 1022 (Miss.1983). In both cases, the supreme court failed to find reversible error even though the record failed to reflect that the jury had been sworn. The court found that a rebuttable presumption existed that the trial judges had properly performed their duties and that the respective defendants had a burden to overcome this presumption.
¶ 9. We find that Acreman has failed to present sufficient evidence to overcome the presumption that the trial judge administered the oath to the jury. Although the record does not expressly reflect a reading of the oath, the record does reveal, however, that the court made two references to an oath during trial. During voir dire, the judge made the following statement: "However, earlier this morning you took an oath to well and truly try the case, the issues in this case and to apply the law given to you by the Court to the facts that you find." Similarly, after seating the jury, the judge stated: "Ladies and gentlemen of the jury, when you took your places in the jury box, you made an oath that you will apply the rules of law to the evidence in reaching your verdict in this case...." Further, the sentencing order clearly states that the jury was "duly sworn."
¶ 10. Acreman cites the case of Gaskin v. State, 873 So.2d 965 (Miss.2004) in support of his argument that the "duly sworn" language in the sentencing order was merely boiler plate and cannot be reconciled with what actually occurred at trial. The record in Gaskin indicate that immediately after the jurors were selected and seated, the trial judge excused them for lunch without administering the oath. Id. at 967. Shortly thereafter, when the defense raised a Batson challenge and the State failed to give a race-neutral explanation for its strike against a juror, the judge ordered a mistrial. Id. The order, however, granting the mistrial stated that the jury had been empaneled and duly sworn. Id. at 967-68. The supreme court found that the record clearly indicate[d] that the jury was never administered the oath. Id. at 968. Here, the record does not clearly contradict the sentencing order. Thus, we must presume that the trial judge properly performed his duties. As a result, we fail to find reversible error or harm that would warrant a reversal of Acreman's conviction under the plain error doctrine.

(2) Collateral Estoppel/Res Judicata
¶ 11. Acreman next challenges his prosecution. He specifically contends that *1009 the doctrines of res judicata and collateral estoppel prevent the State from prosecuting him for aggravated assault because he had been convicted in federal court of illegally possessing the weapon which was used in the shooting of Saucier. Acreman also claims that the federal court resolved the issue concerning his liability to Saucier when it ordered him to pay restitution.
¶ 12. Prior to his conviction for aggravated assault, Acreman pleaded guilty in federal court to a charge of possession of a weapon by a convicted felon. The federal judge sentenced Acreman to eighty-one months in prison, and three years of post-release supervision. As a condition of his post-release supervision, Acreman was ordered to pay $84,617 in restitution to Saucier.
¶ 13. We disagree with Acreman's contentions. First, collateral estoppel and res judicata are doctrines more appropriately applied in civil, not criminal, actions. State v. Oliver, 856 So.2d 328, 331(¶ 7) (Miss.2003) (quoting Sanders v. State, 429 So.2d 245, 250 (Miss.1983)). "Because collateral estoppel does not work in all criminal cases, [the Mississippi Supreme Court has indicated a preference for resolving prior litigated factual issues in criminal cases] `in pure double jeopardy terms, never mentioning collateral estoppel.'" Id. at 332(¶ 7).
¶ 14. Here, Acreman was prosecuted for aggravated assault, not possession of a firearm by a prior-convicted felon, but even if he were being prosecuted for possession of a firearm by a prior-convicted felon, there would be no bar to his prosecution by the State because the State of Mississippi and the federal government are different and distinct sovereigns. See Evans v. State, 725 So.2d 613, 659 (¶¶ 173-75) (Miss.1997). This issue has no merit.

(3) Jury Instruction
¶ 15. Acreman finally contends that the trial court erred in refusing his proposed jury instruction on simple assault.[4] He claims that he was denied the right to have his simple assault instruction submitted to the jury when the judge erroneously concluded, contrary to the simple assault statute, that simple assault could not be committed with a deadly weapon. The State counters that the trial judge denied Acreman's simple assault instruction because Acreman provided no evidence that he had used the rifle to shoot Saucier in a negligent manner.
¶ 16. The record reveals that the following exchange transpired during the jury instruction conference:

*1010 BY THE COURT: D-13. Okay.
BY MR. JONES [Prosecution]: Judge, that's a simple assault instruction.
BY THE COURT: I don't think you can have a negligent [sic] with a deadly weapon, can you?
BY MR. JONES: Well, you can, Judge. You can have a negligently causing bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. There is no evidence in this case anything was negligent. There's no evidence in this case other than it was intentional.
BY MR. SMITH [Defense]: Well, Judge, couldn't the jury reasonably infer that someone shooting a rifle was trying toDo you mind me remaining seated during this, or should I stand? I'm sorry.
BY THE COURT: Now that you've asked, no I don't mind. You can sit down. (Laughter)
BY MR. SMITH: But I think its's reasonable to infer that someone who fired a rifle in an effort to scare someone and not in an intent to hurt anyone and the rifle hit them, I mean, the projectile hit them.
BY MR. JONES: There is no evidence of that, Judge. I mean, if the defendant would have testified: I fired, but I was trying to scare him, possibly. But there is no evidence in this case. The only evidence that the State put on, it was an intentional shooting.
BY MR. SMITH: Well, the victim testified that he looked over his shoulder and saw the rifle and he sped away and he heard a shot that he thought struck his vehicle and he really got on it. So, at a minimum of a distance, if the first shot was fifty yards and he really got on it, the distance would have been growing. There's no testimony about this man, the defendant, being some type of expert marksman or anything like that. So, it certainly could have been negligence. It could have been negligence.
BY THE COURT: I don't think, under the state of the evidence, that there is any evidence whatsoever that would support submission to the jury the issue of simple assault and negligent use of this deadly weapon, of a deadly weapon. D-13 will be refused.
¶ 17. We find that the record contradicts Acreman's statement of the facts. Although indeed Acreman had a right to have the jury instructed on his theory of the case, there must have been credible evidence to support his theory. Splain v. Hines, 609 So.2d 1234, 1239 (Miss.1992) (citing Alley v. Praschak Mach. Co., 366 So.2d 661, 665 (Miss.1979)). Here, there was no evidentiary basis warranting an instruction regarding Acreman's use of the weapon in a negligent manner. Moreover, the instruction is not a proper statement of the law, for it gives the impression that one may shoot another with a gun and only be guilty of simple assault. Further, evidence presented by the State revealed that Acreman intentionally fired shots at Saucier, and Acreman never refuted the State's proof that the shooting was done in an intentional manner. In fact, the first time that Acreman argued that he had used the weapon in a negligent manner was during the jury conference. As a result, we find that this issue is without merit.
¶ 18. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCE RUNNING CONSECUTIVE TO A PRIOR FEDERAL FELONY WEAPON POSSESSION CONVICTION AND A PRIOR CONVICTION IN THE *1011 STATE OF ALABAMA, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Saucier and Long became acquainted with Acreman through their church's singles group. Long testified that she had previously gone out on several dates with Acreman, but when she attempted to end the relationship with him, he continued to pursue her.
[2] Acreman and Saucier remained in their respective vehicles during the confrontation.
[3] The statute provides that jurors take the following oath:

You, and each of you, do solemnly swear (or affirm) that you will well and truly try all issues and execute all writs of inquiry that may be submitted to you, or left to your decision by the court, during the present term, and true verdicts give according to the evidence. So help you God.
[4] The simple assault instruction requested by Acreman, D-13, reads as follows:

The Court instructs the Jury that if you find that the State has failed to prove any one of the essential elements of aggravated assault, you must find the Accused not guilty and you may proceed with your deliberations to decide whether the State has proven beyond a reasonable doubt the essential elements of the crime of simple assault.
The Court instructs the Jury that a person is guilty of simple assault if he: 1) attempts to cause or purposely, knowingly or recklessly cause bodily injury to another; or 2) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.
If you find from the evidence in this case beyond a reasonable doubt that the Defendant:1) In Jackson County, Mississippi; 2) On or about December 10, 2000; either a) Attempted to cause or purposely, knowingly, or recklessly caused bodily injury to Joseph Saucier, or b) negligently caused bodily injury to Joseph Saucier with a deadly weapon, to-wit: a rifle, then you may find the Defendant guilty of simple assault.
If you find that the State has failed to prove any one or more of the essential elements of simple assault beyond a reasonable doubt, then you shall find the Defendant Not Guilty.