945 So.2d 422 (2006)
Geraldine ALLEN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00755-COA.
Court of Appeals of Mississippi.
September 19, 2006.
*423 Ross Parker Simons, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. In November 2002, Michael Miles and his wife, Julia, along with their two children, lived with Gary and Geraldine Allen in the Allens's George County home. While sitting at home looking for a movie to watch, Michael found a pornographic videotape of Amanda Mathis, Geraldine Allen's thirteen year old daughter.[1] Michael viewed the contents of the tape, and shortly thereafter the Miles and the Allens quarreled because the Miles no longer felt comfortable leaving their children alone with the Allens. The Allens asked the Miles family to leave the house, and Michael retrieved the video when he returned to the house to gather some personal belongings. Michael gave the video to his father, who contacted the George County Sheriff's Department.
¶ 2. Allen was arrested for exploiting a minor, and she gave a signed confession indicating that she filmed Amanda because Gary threatened to kill Amanda and Allen's parents.
¶ 3. Allen was convicted by a jury in the Circuit Court of George County of exploitation of a minor and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with the last five years on post-release supervision. It is from this conviction that Allen appeals, arguing four issues which we cite verbatim:

*424 (1) The indictment was never properly amended, as the order granting the amendment was not filed with the circuit court and is not in the court's minutes, in violation of 99-17-13 and 99-17-15. Thus the state's proof failed to comport with the unamended indictment and the case against Mrs. Allen went unproven.
(2) The time frame amendment was material because it moved the allegation's date by three years, and the indictment was still defective post-amendment, because it still did not narrow the frame sufficiently enough. Also, the failure to properly record and file the amendment left Mrs. Allen's case without a concise lodestar document to control the case.
(3) The proof against Mrs. Allen was insufficient to make a prima facie case permitting the charge to go to the jury and was also insufficient to support the jury's finding of guilt. For these reasons, the trial court erred in denying Mrs. Allen's Motion for a Directed Verdict.
(4) Mrs. Allen's petit jury was not sworn with the petit juror's oath required by Miss.Code Ann. 13-5-71. Thus her jury was no more than a group of spectators and the verdict it returned is void.
¶ 4. For clarity's sake, we have framed Allen's issues as follows: (1) whether the trial court erred in amending the indictment and (2) whether the verdict is void because the record does not reflect that the jury was placed under oath. Finding no error, we affirm.
I. DID THE TRIAL COURT ERR IN AMENDING THE INDICTMENT?
¶ 5. On July 1, 2003, Allen was indicted for exploiting a minor "during the year of 2002." On October 24, 2004, the State petitioned the court to amend the indictment to change the date of the criminal offense to "the summer of 1999." The court granted the motion, but also granted Allen's motion for a continuance, setting the trial for January 18, 2005.
¶ 6. Citing Shurley v. State, 90 Miss. 415, 43 So. 299 (Miss.1907), Allen argues that the trial court failed to enter an order reflecting the amendment; therefore, the amendment is void. Allen further argues that because the indictment was improperly amended, the evidence produced at trial regarding events in 1999 does not conform to the indictment which identified 2002 as the time of the alleged exploitation. In Shurley, the district attorney made an amendment to the face of the indictment, changing the name of the victim from E.R. Thompson to W.D. Dodd. The supreme court reversed and remanded the conviction because no order permitting and specifying the amendment was recorded on the minutes in conformity with statute. Id.
¶ 7. We find that Allen failed to preserve this issue for appellate review. In discussing an amendment which was not noted on the minutes, our supreme court has previously held that "[t]he State is required to make sure that such an order appears in the record and the defense is required to object to the absence of such order if it wishes to preserve this point for appeal." Doby v. State, 532 So.2d 584, 587 (Miss.1988) (citing Sturgis v. State, 379 So.2d 534 (Miss.1980)). No such objection was raised before the trial court either ore tenus or in Allen's motion for a new trial. It is clear that the defendant must bring the absence of an order on the minutes to the trial court's attention and that such an error cannot be raised for the first time on appeal. See Dunaway v. State, 398 So.2d 658, 659 (Miss.1981). As this issue is not properly before this Court, we decline to review it.
¶ 8. Allen also argues that the amendment was too vague to allow her to *425 effectively prepare a defense. Allen cites to Moses v. State, 795 So.2d 569 (Miss.Ct. App.2001), in which this Court held that an indictment regarding twenty-two separate sexual felonies against a child was too vague, as it failed to adequately disclose the nature of and the times of the alleged offenses. This Court opined, "[t]o attempt to charge multiple separate felonies by using identical language for each crime, including an identical span of time that the crimes were alleged to have occurred, fails woefully to fulfill the fundamental purpose of an indictment." Id. at 573(¶ 17).
¶ 9. The case sub judice is clearly distinguishable as Allen was tried on one count which occurred "during the summer of 1999." Allen's counsel zealously argues that the time frame indicated in the indictment addresses some ninety days, "beginning June 20 and ending September 21," stating that "the task of mounting a defense would be impossible." We disagree. The primary piece of evidence against Allen, the videotape which recorded the illicit acts, bore a time stamp of June 1999. Additionally, as Allen was granted a continuance of nearly three months, we do not agree that Allen was ambushed by the indictment.
¶ 10. We do not find this case to be similar to Moses, and we agree with the State's contention that the indictment adequately informed Allen of the nature and time frame of the charges she faced. Finally, because Allen failed to object to the absence of the order on the minute books, her argument that the indictment was never amended is barred from our review.
II. DID THE TRIAL COURT ERR IN FAILING TO SWEAR IN THE JURY?
¶ 11. Allen argues that the transcribed record lacks any indication that the jury was placed under oath; therefore, the jurors were mere spectators during the trial.
¶ 12. Pursuant to Mississippi Code Annotated Section 13-5-71 (Rev.2002), members of the petit jury shall be sworn as follows:
You, and each of you, do solemnly swear (or affirm) that you will well and truly try all issues and execute all writs of inquiry that may be submitted to you, or left to your decision by the court, during the present term, and true verdicts give according to the evidence. So help you God.
¶ 13. We look to Bell v. State, 360 So.2d 1206 (Miss.1978), and Young v. State, 425 So.2d 1022 (Miss.1983), wherein the supreme court did not find reversible error although the record failed to reflect that the jury had been sworn. Our supreme court held that a rebuttable presumption existed that the trial judges had properly performed their duties, and the respective defendants had the burden to overcome this presumption. See Acreman v. State, 907 So.2d 1005, 1008(¶ 8) (Miss.Ct.App. 2005). Allen has failed to meet this burden, as she merely argues that the jury should have been sworn in and baldly asserts that the jury was not sworn in. This assertion is insufficient to overcome the established presumption that the trial court properly performed its duties. This issue is without merit.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY OF CONVICTION OF EXPLOITATION OF A CHILD AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST FIVE YEARS ON POST-RELEASE SUPERVISION, PAY A $5,000 FINE, AND REGISTER AS A SEX OFFENDER, IS AFFIRMED. ALL *426 COSTS OF THIS APPEAL ARE ASSESSED TO GEORGE COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS AND BARNES, JJ. IRVING, J., CONCURS IN RESULT ONLY.
ROBERTS, J., Specially Concurring:
¶ 15. I concur in the majority's opinion. I write separately to address an issue that frequently raises its ugly head before this Court in briefs filed by unsuccessful litigants at trial.
¶ 16. Jurors seated by a trial judge are not "mere spectators" to the show. Their ticket is a summons from the sheriff. Failure to appear for the performance might result in an invitation from the judge to show cause why they should not spend a night, or two or three, in the sheriff's hotel. Statutory law mandates that various juries be "sworn" and empaneled according to law. Miss.Code Ann. § 13-5-71 (Rev.2002). Different "oaths" are required to be administered to different juries or jury venires. See Miss Code Ann. § 13-5-73 (special oaths in capital cases); Miss Code Ann. § 13-5-43 (oaths to the grand jury and its foreman); Miss. Code Ann. § 13-5-71 (oath of petit jurors); Miss Code Ann. § 11-27-17 (Rev.2004) (oath of eminent domain jurors); and Miss Code Ann. § 13-5-23 (oath to truthfully answer court's questions concerning qualifications to serve as a juror).
¶ 17. A common practice throughout this state is for the circuit clerk or his deputy to administer the oath to try the issues to the entire jury venire immediately after the venire panel members have been qualified to serve. This is most often on the first day the jurors are summoned and occurs before the official court reporter enters the courtroom for voir dire examination or testimony. Therefore, more often than not, no formal record exists that the petit jury was ever sworn. Trial judges frequently forget to state in the record that the jury was sworn. We have often strained credulity in finding harmless error when the record is devoid of the jurors oath. See Bell v. State, 360 So.2d 1206 (Miss.1978); Young v. State, 425 So.2d 1022 (Miss.1983). We have scoured the record to find some evidence that the oath was taken. Acreman v. State, 907 So.2d 1005(¶ 9) (Miss.Ct.App.2005). We have created a rebuttal presumption that the trial judge performed his duty. Id. at (¶ 8).
¶ 18. On other occasions, as in this case, we pause to wonder why counsel, prior to deliberations, failed to object to the absence of an oath. Knowing that the record contained no evidence of an oath, but praying for a favorable verdict, could it be that counsel's failure to object was intentional with the anticipation this Court would, one day, find plain error on appeal? As of today, we continue to wonder.
¶ 19. Because this recurring issue presently causes concern to some members of this Court and may well eventually evolve into a future successful plain error argument, I urge circuit and county court judges to place, in every official record, evidence that the trial jury took the official oath to well and truly try the issues. Prophylactic comments such as this need to be heeded.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS AND BARNES, JJ., JOIN THIS OPINION.
NOTES
[1] The Court of Appeals declines to identify the minor victims of sexual crimes; therefore, certain names have been substituted with aliases.