867 So.2d 285 (2004)
Ruby BUFKIN a/k/a Ruby J. Moncreaise, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-02111-COA.
Court of Appeals of Mississippi.
March 9, 2004.
*286 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before McMILLIN, C.J., IRVING and MYERS, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Ruby Bufkin, having been convicted and sentenced for felony shoplifting, has appealed her conviction to this Court. She contends that the trial court committed reversible error in permitting the jury to learn of her prior shoplifting convictions during the prosecution's case-in-chief. She further contends that one of the prior incidents of shoplifting relied upon by the State to raise the level of the offense to a felony occurred outside the statutory period, thus reducing her conviction to a misdemeanor offense. We find these issues to be without merit and affirm the conviction.
¶ 2. In this appeal, Bufkin does not directly challenge the jury's finding that she actually committed the act of shoplifting that forms the underlying basis for the indictment. Therefore, it is unnecessary to review the proof as to these elements of the crime. We will, rather, proceed directly to the issues presented in the appeal.

I.

Considerations of Time in the Matter of Inclusion of Prior Convictions
¶ 3. In order to constitute felony shoplifting, the State must show that the conviction was "a third or subsequent shoplifting conviction." Miss.Code Ann. § 97-23-93(6) (Supp.2003). That provision of the code further provides as follows:
In determining the number of prior shoplifting convictions for purposes of imposing punishment under this section, the court shall disregard all such convictions occurring more than seven (7) years prior to the shoplifting offense in question.
Miss.Code Ann. § 97-23-93(8) (Supp.2003).
¶ 4. The State presented evidence of two prior shoplifting convictions. Bufkin maintains that the timing of the earlier conviction was such as to put it outside the seven-year window of subsection (8), thus reducing the offense to a misdemeanor punishable under Section 97-23-93(5)(b) of the Mississippi Code.
¶ 5. For purposes of our analysis of this issue, we proceed on the basis that the following facts regarding potentially relevant *287 dates are not in dispute: (a) The date of the occurrence giving rise to the earlier conviction cannot be determined from the record. (b) The date of conviction for that offense is May 31, 1995. (c) The date of the occurrence giving rise to the present charge is January 18, 2002. (d) The date of conviction for the present charge is November 14, 2002.
¶ 6. Bufkin argues that the statute declares the dates of prior convictions as the appropriate commencement date to determine whether a particular previous offense may be an element of felony shoplifting; therefore, it is only appropriate to use the date of conviction as to the last occurrence in defining the end of the seven-year period. Under Bufkin's analysis, any shoplifting conviction occurring before November 14, 1995, would be excluded from consideration under Section 97-23-93(8).
¶ 7. The State counters with the argument that appropriate computation is to calculate backward from the date of the last occurrence giving rise to the charge. Since the alleged shoplifting incident leading to this indictment occurred on January 18, 2002, the conviction obtained in May 31, 1995, is well within the applicable seven-year period.
¶ 8. In interpreting statutory enactments, one of the fundamental rules of construction is that words shall be given "their common and ordinary acceptation and meaning." Miss.Code Ann. § 1-3-65 (Rev.1998); Tower Loan of Miss., Inc. v. Miss. State Tax Comm'n, 662 So.2d 1077, 1083 (Miss.1995). It is in that light that we review this issue, which, under the facts of this case, presents a pure question of law.
¶ 9. The Mississippi Legislature, in defining the applicable seven-year period during which prior occurrences of shoplifting would affect the severity of the defendant's punishment, elected to use different language to set the beginning date of the period from that used to establish the end date. As to the commencement of the period, the legislature used the term "conviction," which we find to be an unambiguous term for purposes of our analysis. The record is plain that the prior conviction relevant to this issue occurred on May 31, 1995.
¶ 10. However, as to the date marking the end of the seven-year period, the legislature in essence defined it as the date of "the shoplifting offense in question." Miss.Code Ann. § 97-23-93(8) (Supp.2003). Thus, the issue presented by this language is whether the offense occurred for purposes of this statute on the date of the occurrence or on the date that it was finally adjudicated that the occurrence had, in fact, occurred. Although in a somewhat different context, the Fifth Circuit has said that "[i]t cannot legally be known that an offense has been committed until there has been a conviction." Holst v. Owens, 24 F.2d 100, 101 (5th Cir.1928). However, we conclude that, whether further events are necessary to establish with the requisite certainty that an "offense" has, in fact, occurred, the playing out of those events does not serve to move the date of the offense from the time of the event to the time that it is finally adjudicated that the events actually occurred. The subsequent formal adjudication of an offense merely provides the necessary confirmation that an offense was, in fact, committed at the alleged time.
¶ 11. We, therefore, hold that for purposes of the computations required under Section § 97-23-93(8) relating to prior shoplifting convictions, the date of the "offense" is the date of the occurrence giving rise to the charge rather than the date that it is finally adjudicated that the criminal activity actually occurred. In so adjudicating, we note that, as the appellant has correctly observed, we are forced to "compare *288 apples to oranges" in determining critical dates. This necessarily injects a measure of arbitrariness into the equation and makes the inclusion of prior shoplifting events occurring at the margins of the seven-year period potentially depend to a large extent on the promptness of the prosecution in bringing those charges to trial. It would appear that the purpose of the statutory scheme for increasing levels of punishment for subsequent occurrences was to detect and punish more severely those who have plainly evidenced a certain persistence in their criminal endeavors. In that light, one might argue that a better measure would have been the period between the occurrences themselves since the time of conviction between two crimes by two different defendants occurring on the same day can vary widely, yet the evidentiary value of the two events to demonstrate a propensity for criminal activity is essentially the same. Nevertheless, there is a certain inherent arbitrariness in establishing any "bright line" critical date in matters such as this, and we do not conclude that the method of calculation required by the plain language of the statute is so arbitrary as would compel us to force the strained interpretation on it that would be required to arrive at the result urged by Bufkin.

II.

Prior Convictions as Element of the Crime
¶ 12. The prosecution was permitted to present to the jury information concerning Bufkin's two prior shoplifting convictions, and the jury was instructed that it had to find that those previous convictions occurred within the relevant seven-year time period in order to convict of the crime of felony shoplifting.
¶ 13. Bufkin contends on appeal that this was error and that the proper way to handle the matter of prior convictions was to bifurcate the trial with the trial court making the necessary determinations regarding the prior convictions as a part of the sentencing phase of the trial. She argues that permitting the jury to learn of her prior convictions hopelessly prejudiced her in the eyes of the jury and raised the possibility that the jury would convict upon reaching the conclusion that her prior conduct had demonstrated a propensity for such criminal activity. Bufkin claims that this constituted a violation of Mississippi Rule of Evidence 404(b), which prohibits the admission of evidence of prior bad acts for that purpose.
¶ 14. This issue is without merit. In the first place, it is procedurally barred since, at trial, Bufkin only objected to introduction of the prior convictions on the ground that one was too remote in time. As to the other conviction, Bufkin's counsel stated that, "We have no objection to it." An objection to proposed evidence must be timely. Entergy Miss., Inc. v. Bolden, 854 So.2d 1051, 1058(¶ 22) (Miss.2003). The objecting party must also state with some degree of certainty the ground on which the objection is made, and a failure to articulate some other available ground acts as a waiver as to the unstated basis. Materials Transp. Co. v. Newman, 656 So.2d 1199, 1203 (Miss.1995).
¶ 15. Even were there no procedural bar, we find no merit in the argument. Felony shoplifting is somewhat akin to felony driving under the influence in that both rely on multiple prior convictions for the same offending conduct in order to raise the level of offense from a misdemeanor to a felony. The Mississippi Supreme Court has plainly stated that, in the matter of DUI offenses, the prior convictions are elements of the crime that must be determined by the finder of fact beyond reasonable doubt as a part of the prosecution's case in chief. Rigby v. State, 826 So.2d 694, 700(¶ 9) (Miss.2002).
*289 ¶ 16. In this instance, the trial court attempted to deal with the problems arising under Rule 404(b) by instructing the jury as follows:
The Court instructs the jury that before you can find the Defendant guilty of the crime for which she is being tried, you must find that she has twice previously been convicted of the crimes of shoplifting within the last seven years, and you may not consider evidence of other crimes as evidence of her guilt in this case.
¶ 17. Mississippi Rule of Evidence 105 authorizes the court, when evidence is admissible for one purpose but not for another, to "restrict the evidence to its proper scope and instruct the jury accordingly." M.R.E. 105. The jury is presumed to follow the instructions given to it by the trial court. Johnson v. State, 475 So.2d 1136, 1142 (Miss.1985).
¶ 18. We conclude that the matter of Bufkin's prior convictions was handled properly by the trial court and that this issue on appeal is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF FELONY SHOPLIFTING, THIRD OR SUBSEQUENT OFFENSE, AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.