942 So.2d 185 (2006)
O'Neal BIGGS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01163-COA.
Court of Appeals of Mississippi.
January 3, 2006.
Rehearing Denied August 8, 2006.
*187 Ross Parker Simons, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
EN BANC.
MYERS, P.J., for the Court.
¶ 1. O'Neal Biggs was convicted of felony shoplifting in the Circuit Court of Jackson County and sentenced to serve a five year term in the custody of the Mississippi Department of Corrections, day-to-day. He has appealed his conviction to this court presenting four issues upon which he seeks to have that conviction reversed. These issues are:
I.
A. THE TRIAL COURT ERRED IN DENYING MR. BIGGS' MOTION IN LIMINE AND HIS REQUEST FOR A BIFURCATED TRIAL ON THE MISDEMEANOR SHOPLIFTING CONVICTIONS ALLEGED IN HIS INDICTMENT IN THAT:
1. THE INTRODUCTION INTO EVIDENCE OF MR. BIGGS' ALLEGED PREVIOUS MISDEMEANOR SHOPLIFTING CONVICTIONS VIOLATES THE LONG-HELD PRINCIPLE THAT A DEFENDANT SHALL BE TRIED ONLY FOR ONE CHARGE AT ONE TIME, WITHOUT EXTRANEOUS CONVICTIONS CLOUDING THE MINDS OF JURORS ON THE CASE BEING TRIED.
2. THE CASE LAW THAT PERMITS THIS BY DECLARING THE PRIOR MISDEMEANORS TO BE ELEMENTS OF THE FELONY WHICH MUST BE PROVED BY THE STATE VIOLATES VARIOUS COURT RULES BY PERMITTING JURORS TO INFER GUILT FROM PAST BEHAVIOR, RATHER THAN ON FACTS PRESENTED AT THE INSTANT TRIAL.
B. ADDITIONALLY, THE FAILURE OF TRIAL COUNSEL TO OFFER A LIMITING INSTRUCTION TO BUFFER THE EVIDENTIARY DAMAGE BY THE PRESENTATION OF THE TWO MISDEMEANOR CONVICTIONS SHOULD HAVE BEEN CORRECTED BY THE TRIAL COURT ISSUING ITS OWN LIMITING INSTRUCTION SUA SPONTE.

C. FINALLY, THIS COURT SHOULD RECOGNIZE WEAVER'S PREJUDICIAL EFFECT OF ALLOWING THE STATE TO PROVE PRIOR ENHANCERS TO A JURY AT THE TIME SAME FACTS ARE BEING LITIGATED ON AN IDENTICAL ENHANCED CHARGE AND HOLD THAT JURY BE PERMITTED TO HEAR THE EVIDENCE OF PRIORS ONLY AFTER IT HAS RENDERED A DECISION ON THE INDICTMENT.
*188 II. THE TRIAL COURT ERRED IN DENYING MR. BIGGS' PROFFERED MISDEMEANOR SHOPLIFTING INSTRUCTION WAS SUPPORTED BY CREDIBLE EVIDENCE, AND WITHOUT IT MR. BIGGS WAS PREVENTED FROM PRESENTING TO THE JURY HIS THEORY OF THE CASE, I.E. THAT THE STATE HAD FAILED TO PROVE BEYOND A REASONABLE DOUBT THE EXISTENCE OF ONE OF THE TWO MISDEMEANOR SHOPLIFTING CONVICTIONS CHARGED IN THE INDICTMENT.
III. MR. BIGGS' JURY WAS NOT SWORN WITH ANY TYPE OF PETIT JURORS' OATH, AND HIS VERDICT IS THEREFORE VOID AS HAVING BEEN RETURNED IN VIOLATION OF THE MISSISSIPPI STATUTE REGARDING SAME AS WELL AS THE CONSTITUTION.
IV. THE STATE ADDUCED INSUFFICIENT EVIDENCE TO PROVE THAT THE MR. BIGGS WHO WAS THE SUBJECT OF THE MISDEMEANOR SHOPLIFTING ABSTRACTS WAS THE SAME MR. BIGGS WHO WAS ON TRIAL FOR FELONY SHOPLIFTING. THUS, THE TRIAL COURT ERRED IN DENYING MR. BIGGS' MOTION FOR A DIRECTED VERDICT, HIS PROFFERED PEREMPTORY INSTRUCTION AND HIS POST-TRIAL REQUEST FOR A JNOV.

FACTS
¶ 2. O'Neal Biggs was convicted of felony shoplifting on April 15, 2004. He was indicted for shoplifting $18.59 worth of Duracell batteries from the Fast Lane Store in Pascagoula, Mississippi. Biggs also had been convicted of shoplifting in 1995 and 1999 which elevated the current charge from a misdemeanor to a felony under Mississippi Code Annotated § 97-23-93 (Rev.2000).
¶ 3. On September 17, 2001, a cashier, working at the Fast Lane Store, observed Biggs enter the store and behave in a suspicious manner. Biggs was observed standing near the battery display, when he suddenly exited the store with an obvious bulge in his clothing. While exiting the store Biggs had to grab the bulge to keep it from falling out of his clothes. Upon observing this activity the cashier contacted the police to report the incident. The police apprehended Biggs nearby and discovered batteries in Biggs' possession. The batteries were identified as belonging to the Fast Lane through store price tags. Following the arrest, a determination was made that Biggs had been convicted on two previous occasions for shoplifting and was charged with felony shoplifting. At trial Biggs called no witnesses and put on no evidence. He was convicted of felony shoplifting and was sentenced to a term of five years in the custody of the Mississippi Department of Corrections to serve the term day-to-day.

ANALYSIS
I.
A. THE TRIAL COURT ERRED IN DENYING MR. BIGGS' MOTION IN LIMINE AND HIS REQUEST FOR A BIFURCATED TRIAL ON THE MISDEMEANOR SHOPLIFTING CONVICTIONS ALLEGED IN HIS INDICTMENT IN THAT:
1. THE INTRODUCTION INTO EVIDENCE OF MR. BIGGS' ALLEGED PREVIOUS MISDEMEANOR SHOPLIFTING CONVICTIONS VIOLATES THE LONG-HELD PRINCIPLE THAT A DEFENDANT SHALL BE TRIED ONLY FOR ONE CHARGE AT ONE TIME, WITHOUT EXTRANEOUS *189 CONVICTIONS CLOUDING THE MINDS OF JURORS ON THE CASE BEING TRIED.
2. THE CASE LAW THAT PERMITS THIS BY DECLARING THE PRIOR MISDEMEANORS TO BE ELEMENTS OF THE FELONY WHICH MUST BE PROVED BY THE STATE VIOLATES VARIOUS COURT RULES BY PERMITTING JURORS TO INFER GUILT FROM PAST BEHAVIOR, RATHER THAN ON FACTS PRESENTED AT THE INSTANT TRIAL.
C. FINALLY, THIS COURT SHOULD RECOGNIZE WEAVER'S PREJUDICIAL EFFECT OF ALLOWING THE STATE TO PROVE PRIOR ENHANCERS TO A JURY AT THE TIME SAME FACTS ARE BEING LITIGATED ON AN IDENTICAL ENHANCED CHARGE AND HOLD THAT JURY BE PERMITTED TO HEAR THE EVIDENCE OF PRIORS ONLY AFTER IT HAS RENDERED A DECISION ON THE INDICTMENT.

STANDARD OF REVIEW
¶ 4. When reviewing motions in limine, "this Court applies the following standard:
[A] motion in limine `should be granted only when the trial court finds two factors are present: (1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury.'"
McGilberry v. State, 797 So.2d 940, 942 (Miss.2001) (quoting Whittley v. City of Meridian, 530 So.2d 1341, 1344 (Miss. 1988)).

DISCUSSION
¶ 5. Biggs in his initial error concedes that he is aware that the supreme court has declared that the prior misdemeanor shoplifting convictions that elevate a third charge to a felony are elements of that charge and must be proven to the jury beyond a reasonable doubt. But, Biggs contends that these prior convictions should not be introduced in the guilt phase of the trial but, rather the elements of prior convictions should be decided in a bifurcated trial. We have previously addressed this argument and found it without merit in Bufkin v. State where we stated:
Bufkin contends on appeal that this was error and that the proper way to handle the matter of prior convictions was to bifurcate the trial with the trial court making the necessary determinations regarding the prior convictions as a part of the sentencing phase of the trial. She argues that permitting the jury to learn of her prior convictions hopelessly prejudiced her in the eyes of the jury and raised the possibility that the jury would convict upon reaching the conclusion that her prior conduct had demonstrated a propensity for such criminal activity. Bufkin claims that this constituted a violation of Mississippi Rule of Evidence 404(b), which prohibits the admission of evidence of prior bad acts for that purpose.
[W]e find no merit in the argument. Felony shoplifting is somewhat akin to felony driving under the influence in that both rely on multiple prior convictions for the same offending conduct in order to raise the level of offense from a misdemeanor to a felony. The Mississippi Supreme Court has plainly stated that, in the matter of DUI offenses, the prior convictions are elements of the *190 crime that must be determined by the finder of fact beyond reasonable doubt as a part of the prosecution's case in chief. Rigby v. State, 826 So.2d 694, 700(¶ 9) (Miss.2002).
Bufkin v. State, 867 So.2d 285, 288 (¶¶ 13 & 15) (Miss.Ct.App.2004). Agreeing with our previous decision, we find no merit to this error.
B. ADDITIONALLY, THE FAILURE OF TRIAL COUNSEL TO OFFER A LIMITING INSTRUCTION TO BUFFER THE EVIDENTIARY DAMAGE BY THE PRESENTATION OF THE TWO MISDEMEANOR CONVICTIONS SHOULD HAVE BEEN CORRECTED BY THE TRIAL COURT ISSUING ITS OWN LIMITING INSTRUCTION SUA SPONTE.

DISCUSSION
¶ 6. Biggs next contends that if the prior convictions are properly admitted as elements of felony shoplifting, he should have received a limiting instruction to the jury informing them for what purpose and to what extent the evidence of these prior convictions could be considered. He argues that these instructions are so important that the trial court should have given them sua sponte even when trial counsel did not request them. Our supreme court recently addressed this issue stating:
The burden should properly be upon the trial counsel to request a limiting instruction. This was our rule before Smith, in accord with Rule 105 of the Mississippi Rules of Evidence. The rule provides in pertinent part that "[w]hen evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Miss. R. Evid. 105 (emphasis added). We struggled in Smith to require judges to issue the sua sponte ruling, since that would contradict "a rule so clear" as M.R.E. 105. 656 So.2d at 100. Today we abandon Smith's requirement that a judge issue a sua sponte limiting instruction and return to the clear language of Rule 105. The rule clearly places the burden of requesting a Rule 404(b) limiting instruction upon counsel. The rule is controlling, and to the extent that Smith and its progeny contradict that plain language they are overruled.
Brown v. State, 890 So.2d 901, 913(¶ 36) (Miss.2004). Finding the supreme court's decision controlling, this error is without merit.
II. THE TRIAL COURT ERRED IN DENYING MR. BIGGS' PROFFERED MISDEMEANOR SHOPLIFTING INSTRUCTION WAS SUPPORTED BY CREDIBLE EVIDENCE, AND WITHOUT IT MR. BIGGS WAS PREVENTED FROM PRESENTING TO THE JURY HIS THEORY OF THE CASE, I.E. THAT THE STATE HAD FAILED TO PROVE BEYOND A REASONABLE DOUBT THE EXISTENCE OF ONE OF THE TWO MISDEMEANOR SHOPLIFTING CONVICTIONS CHARGED IN THE INDICTMENT.
IV. THE STATE ADDUCED INSUFFICIENT EVIDENCE TO PROVE THAT THE MR. BIGGS WHO WAS THE SUBJECT OF THE MISDEMEANOR SHOPLIFTING ABSTRACTS WAS THE SAME MR. BIGGS WHO WAS ON TRIAL FOR FELONY SHOPLIFTING. THUS, THE TRIAL COURT ERRED IN DENYING MR. BIGGS' MOTION

STANDARD OF REVIEW
¶ 7. A lesser-included-offense instruction "should only be given after the *191 trial court has carefully considered the evidence and is of the opinion that such an instruction is justified by the evidence." Woodham v. State, 800 So.2d 1148 (¶ 24) (Miss.2001).

DISCUSSION
¶ 8. Biggs argues that the trial court committed reversible error by not instructing the jury on misdemeanor shoplifting. His contention is based on his belief that the State failed to prove the prior two convictions for shoplifting. These two convictions are elements of the felony charge that must be proven in order for misdemeanor shoplifting to be elevated to felony shoplifting. Biggs claims that trial counsel challenged the credibility of the two convictions by calling into question the clerk's record keeping in 1995. Additionally, Biggs argues that the State did not prove that the O'Neal Biggs convicted in the two prior charges was the O'Neal Biggs on trial in the current case. Biggs argues that for these two reasons the trial court should have granted his request for a jury instruction on misdemeanor shoplifting.
¶ 9. During the trial the City Court Clerk of Pascagoula testified concerning Biggs' two prior convictions that were on record in the clerk's office. Abstracts of Biggs's prior convictions were introduced into evidence by the State and trial counsel did not object to their introduction. The clerk testified that she was certain that the two prior convictions were accurate. Biggs' identity was established by the arresting officer who determined that the O'Neal Biggs he arrested following the shoplifting of the Fast Lane and the O'Neal Biggs convicted of two prior shoplifting charges were one in the same.
¶ 10. A presumption of validity is attached to abstracts of convictions and will suffice to meet the burden of proof required by the statute. Ghoston v. State, 645 So.2d 936, 939 (Miss.1994). Once these convictions have been introduced the burden shifts to the defendant to rebut that presumption. Id. When this burden shifts the defendant must produce evidence that there is an irregularity in the abstract, a silent record will not suffice. Id.
¶ 11. Biggs called no witnesses, presented no evidence and did not take the stand himself to contest the validity of the abstracts or the identity of the person represented in those abstracts. The only evidence presented by the trial counsel was an admission by the clerk that there was the possibility that the court record could be wrong. This does not meet the evidence necessary to rebut the validity of the prior convictions or the identity of Biggs as the person convicted previously and the person currently on trial.
¶ 12. We find this error without merit.
III. MR. BIGGS' JURY WAS NOT SWORN WITH ANY TYPE OF PETIT JURORS' OATH, AND HIS VERDICT IS THEREFORE VOID AS HAVING BEEN RETURNED IN VIOLATION OF THE MISSISSIPPI STATUTE REGARDING SAME AS WELL AS THE CONSTITUTION.

DISCUSSION
¶ 13. As his third assignment of error, Biggs contends that his conviction should be reversed due to there being no evidence in the record that the petit jury was sworn in as required by Mississippi Code Annotated § 13-5-71 (Rev.2002). Biggs argues that an unsworn jury is nothing more than mere spectators to the trial and is not aware of their solemn duty. The State counters this argument with trial counsel's failure to object or any mention of the purported lack of administration of the oath during the trial. The State contends that due to trial counsel's failures this issue is procedurally barred.
*192 ¶ 14. This Court has recently addressed this same issue in Acreman v. State, 907 So.2d 1005, 1007-8 (¶¶ 6-8)(Miss.Ct.App.2005).
"[The supreme court] has held that a party who fails to make a contemporaneous objection [to a matter] at trial must rely on plain error to raise the issue on appeal because it is otherwise procedurally barred." Williams v. State, 794 So.2d 181, 187(¶ 23) (Miss.2001) (citing Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994)). "The plain error doctrine requires that there be an error and that the error must have resulted in a manifest miscarriage of justice." Williams, 794 So.2d at 187(¶ 23) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)). "Further, [the] Court applies the plain error rule only when it affects a defendant's substantive/fundamental rights." Williams, 794 So.2d at 187(¶ 23) (citing Grubb v. State, 584 So.2d 786, 789 (Miss. 1991)).
In support of his argument that the failure to swear the jury was in violation of his fundamental rights and thus constitutes reversible error, [Biggs] relies on Miller v. State, 122 Miss. 19, 84 So. 161 (1920). In Miller, jurors were administered a preliminary oath for the purpose of ascertaining their qualifications to serve as jurors, but were not administered a subsequent oath until after the State and defense had concluded their case. Id. at 161. As a result, the supreme court reversed the defendant's murder conviction and held that because the jury had not been properly sworn, the jurors were unable to legally hear and consider the testimony. Id. at 162-63.
[Biggs] reliance upon Miller, however, is misplaced, and more on point are the cases of Bell v. State, 360 So.2d 1206 (Miss.1978) and Young v. State, 425 So.2d 1022 (Miss.1983). In both cases, the supreme court failed to find reversible error even though the record failed to reflect that the jury had been sworn. The court found that a rebuttable presumption existed that the trial judges had properly performed their duties and that the respective defendants had a burden to overcome this presumption.
¶ 15. The record in this case does not indicate that the jury was not sworn. When we look to the final sentencing, it states that the jury was composed of twelve jurors "who were duly sworn, empaneled and accepted by the State and the Defendant. . . ." There was no objection by trial counsel to the failure to administer the oath and there is no indication from the record that the oath was not administered. The sole mention of the oath in the record indicates that the oath was administered. Finding no evidence to contradict the oath being given, we find no merit to this error.

CONCLUSION
¶ 16. Finding no error, we affirm the judgement of the Circuit Court of Jackson County.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF FIVE YEARS IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING, C.J, LEE, P.J., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.