CHANDLER, J.,
for the Court.
¶ 1. A Harrison County grand jury indicted Donald Andrew Holbrook for possession of methamphetamine, more than 0.1 gram but less than 2.0 grams. At Holbrook’s trial, the State showed that Holbrook was traveling as a passenger in a vehicle when the vehicle was stopped for violating a local curfew imposed in the aftermath of Hurricane Katrina. Deputy Chris Roberts searched Holbrook for weapons. When Holbrook removed his boot, a packet subsequently determined to contain 0.69 gram of methamphetamine dropped from his pants’ leg, and the packet was confiscated by Deputy Roberts. The jury found Holbrook guilty of possession of a controlled substance. Because Holbrook had been previously convicted of possession of a controlled substance, the trial court imposed an enhanced penalty of ten years in the custody of the Mississippi Department of Corrections under Mississippi Code Annotated section 41-29-147 (Rev.2005).
¶2. Holbrook appeals. He raises the single issue of whether the trial court committed plain error by failing to administer the required oath to the jury. We find that Holbrook has not overcome the presumption that the jury was sworn. Therefore, we affirm.
LAW AND ANALYSIS
WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO ADMINISTER THE REQUIRED OATH TO THE JURY.
¶ 3. With new appellate counsel, Holbrook argues that the record does not establish that the jury was sworn as required by Mississippi Code Annotated section 13-5-71 (Rev.2002).[1] Holbrook admits that in the proceedings in the trial court, he never objected to the failure to administer the oath. Therefore, he asserts that this Court should notice plain error concerning the trial court’s failure to administer the oath. “Generally, issues not presented to the trial court are procedurally barred on appeal.” Debrow v. State, 972 So.2d 550, 553(¶ 10) (Miss.2007). However, under the plain-error doctrine, this Court will review errors that affected a defendant’s substantive, fundamental rights in order to prevent a manifest miscarriage of justice. Id.
¶ 4. There is nothing in the record of the proceedings in the trial court to indicate that the jury was not sworn as required by section 13-5-71. However, the trial tran *384 script does not reflect the reading of the oath. The record does contain one reference to the administration of the oath to the jury. That reference is in a written jury instruction, stating, in part:
Members of the Jury, you have heard all of the testimony and received the evidence and will shortly hear arguments of counsel. The Court will presently instruct you as to the rules of law which you will use and apply to this evidence in reaching your verdict. When you took your places in the jury box, you made an oath that you would follow and apply these rules of law to the evidence in reaching your verdict in this case. It is, therefore, your duty as jurors to follow the law which I shall now state to you. You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base your verdict upon any other view of the law than that given you in these instructions by the Count.
(Emphasis added). At the jury instruction conference, Holbrook’s counsel stated that he had no objection to this jury instruction.
¶ 5. This Court has recognized that there is a rebuttable presumption that trial judges have properly performed them duties. Acreman v. State, 907 So.2d 1005, 1008(¶ 8) (Miss.Ct.App.2005) (citing Young v. State, 425 So.2d 1022, 1025 (Miss.1983) (overruled on other grounds); Bell v. State, 360 So.2d 1206, 1215 (Miss.1978)). This includes the rebuttable presumption that the trial court administered the oath to the jury. Acreman, 907 So.2d at 1008(¶ 9). This presumption was applied in Biggs v. State, 942 So.2d 185 (Miss.Ct. App.2006), a case involving a trial record very similar to that in the instant appeal. In Biggs, the trial transcript did not reflect the swearing of the jury, but at sentencing, the court stated that the jury was composed of twelve jurors “who were duly sworn, empaneled and accepted by the State and the Defendant.... ” Id. at 192(¶ 15). There was no objection by trial counsel to a failure to administer the oath, and the sole mention of the oath in the record indicated the oath was administered. Id. This Court in Biggs held that the appellant had failed to overcome the presumption that the jury was sworn. Id.
¶ 6. Holbrook seeks to distinguish Biggs by arguing that the jury instruction, consisting of boilerplate language, was insufficient to create a presumption that the jury was properly sworn. He contends that his fundamental right to a fair trial was violated because an unsworn jury cannot be said to have treated the evidence with appropriate solemnity. However, in the presence of even a boilerplate statement in the record that the jury was sworn, an appellant must rebut the presumption that the jury was sworn with some contradictory evidence. Lawrence v. State, 928 So.2d 894, 897-98 (¶¶ 11-13) (Miss.Ct.App.2005). The presumption cannot be overcome with a bald assertion that the jury was not sworn. Allen v. State, 945 So.2d 422, 425(¶13) (Miss.Ct.App.2006).
¶ 7. The pertinent facts of this case are practically indistinguishable from those in Biggs. As in Biggs, Holbrook’s trial transcript does not reflect the swearing of the jury, but the sole mention in the record of the administration of the oath reflects that the jury was sworn. And, as in Biggs, Holbrook’s counsel never objected to a failure to swear the jury. Additionally, in this case, Holbrook’s counsel did not object to the giving of a jury instruction that acknowledged that the jury was sworn. Holbrook has not overcome the presump *385 tion that the jury was sworn; the record reflects no plain error. Therefore, we affirm.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF POSSESSION OF METHAMPHETAMINE IN AN AMOUNT GREATER THAN 0.1 GRAM BUT LESS THAN 2.0 GRAMS AND SENTENCE AS A SUBSEQUENT OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Section 13-5-71 provides that the petit jury shall be sworn as follows: "You, and each of you, do solemnly swear (or affirm) that you will well and truly try all issues and execute all writs of inquiry that may be submitted to you, or left to your decision by the court, during the present term, and true verdicts give according to the evidence. So help you God.”