ISHEE, J.,
for the Court:
¶ 1. Eric Herrington was convicted in the Claiborne County Circuit Court of one count of aggravated assault and one count of possession of a weapon by a felon. He was sentenced as a habitual offender to twenty years’ imprisonment for count one and ten years’ imprisonment for count two, with the sentences to run consecutively to one another, without eligibility for parole or probation, all in the custody of the Mississippi Department of Corrections (MDOC). On appeal, Herrington brings the following issues for our review: (1) whether his defense counsel rendered ineffective assistance of counsel; (2) whether the trial court erred by allowing his prior convictions to be admitted as evidence; and (3) whether the trial court erred by not issuing a limiting instruction regarding his prior convictions. We find that defense counsel rendered ineffective assistance of counsel and that the trial court committed plain error by allowing Her-rington’s prior convictions to be admitted as evidence. Therefore, we reverse and remand this case for a new trial.
FACTS AND PROCEDURAL HISTORY
¶ 2. Herrington was indicted by a grand jury in Claiborne County, Mississippi, on one count of aggravated assault under Mississippi Code Annotated section 97-3-7(2) (Supp.2012), and one count of possession of a weapon by a felon under Mississippi Code Annotated section 97-37-5 (Supp.2012). Herrington was also charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007). Each count was alleged to have occurred on August 15, 2010.
¶ 3. On August 15, 2010, Willie McNeal drove to a club, Old School, with his nephew, Dekarious Phillips. According to McNeal, while he was still in the car, Herrington approached the vehicle. He allegedly approached in a “rage” while carrying a weapon. McNeal testified on direct examination that he initially believed Herrington was angry because McNeal owed Herrington thirteen dollars. On cross-examination, defense counsel elicited testimony from McNeal that he owed Her-rington thirteen dollars for drugs. Although he owed Herrington money, McNeal claimed Herrington did not ask for the money, but instead reached for the keys of the vehicle and said: “[I]f you don’t let me get these keys, I’m going to shoot you.” After McNeal resisted, Her-rington shot him in the left arm.
¶ 4. During his testimony at trial, McNeal identified Herrington as the shooter. He did, however, admit that he did not know Herrington’s name and knew Herrington only as “Smokey.” McNeal also testified that there was another individual in the community who went by the name “Smoke.”
¶ 5. Phillips, MeNeal’s nephew, testified that he was with McNeal on August 15, *1244 2010, when McNeal and Herrington “got into it.” According to Phillips, he saw Herrington with a gun. However, Phillips ran from the car and did not see Herring-ton shoot McNeal.
¶ 6. The State called Linda Tarlton, the deputy clerk for the Claiborne County Circuit Clerk’s Office, as a witness. At the start of her testimony, the trial judge stated that it was agreed between the parties that Herrington was a convicted felon and that her testimony was no longer needed. Nonetheless, Herrington’s two sentencing orders were admitted into evidence without any objection by defense counsel. The two sentencing orders covered three crimes. The first sentencing order showed that Herrington pleaded guilty to two counts of sale of cocaine in September 1999. The second sentencing order showed that Herrington pleaded guilty to one count of sale of cocaine in January 2006.
¶ 7. Herrington then testified in his own defense. He acknowledged that he saw McNeal early in the morning on the day of the incident. Herrington stated that he asked McNeal: “Dude, you got my money?” to which McNeal replied: “Pm going to holler at you at 5 o’clock. Come by my house.” However, while McNeal said he owed Herrington money for drugs, Her-rington alleged he lent the money to McNeal to post bond after McNeal went to jail for running a roadblock. According to Herrington, that was their only interaction on the day in question. He claimed that after his interaction with McNeal, a friend picked him up, and they went to Vicksburg, Mississippi. Herrington denied possessing a gun on the date of the incident. Herrington testified that he did not know for several days that McNeal was shot, and upon learning that the police were looking for him, he turned himself in to the police.
¶ 8. On January 25, 2011, the jury returned a guilty verdict on both counts. Thereafter, Herrington was sentenced as a habitual offender to serve a total of thirty years in the custody of the MDOC without eligibility for parole or probation. Her-rington now appeals, arguing: (1) his defense counsel rendered ineffective assistance of counsel; (2) the trial court erred by allowing his prior conviction to be admitted as evidence; and (3) the trial court erred by not issuing a limiting instruction regarding his prior convictions.
DISCUSSION
I. Ineffective Assistance of Counsel
¶ 9. In his first issue on appeal, Herring-ton argues he received ineffective assistance of counsel. He alleges that his trial counsel erred by (1) eliciting testimony from McNeal that he owed Herrington money for drugs; (2) failing to object to the introduction of Herrington’s prior convictions into evidence; (3) failing to object to the introduction of more than a single prior conviction; and (4) failing to request a limiting instruction.
¶ 10. In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court announced a two-part test to be applied when reviewing a defendant’s claim of ineffective assistance of counsel. Under Strickland, the defendant must show (1) “counsel’s performance was deficient,” and (2) “the deficient performance prejudiced the defense.” Id. at 687, 104 S.Ct. 2052. Essentially, the defendant must show with reasonable probability that but for counsel’s deficient performance, the outcome at trial would have been different. Carr v. State, 873 So.2d 991, 1003 (¶ 28) (Miss.2004).
¶ 11. When reviewing a claim of ineffective assistance of counsel, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of *1245 reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Strickland, 466 U.S. at 689, 104 S.Ct. 2052 (citation omitted). Moreover, “[w]ith respect to the overall performance of the attorney, ‘counsel’s choice[s] of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy and cannot give rise to an ineffective assistance of counsel claim.” Carr, 873 So.2d at 1003 (¶ 27) (citation omitted).
¶ 12. The State asserts Herring-ton’s ineffective-assistance-of-counsel claim should not be heard on direct appeal and should be raised in a post-conviction-relief action. This Court does not ordinarily “consider a claim of ineffective assistance of counsel when the claim is made on direct appeal .... because we are limited to the trial court record in our review of the claim[,] and there is usually insufficient evidence within the record to evaluate the claim.” Wilcher v. State, 863 So.2d 776, 825 (¶ 171) (Miss.2003) (quoting Aguilar v. State, 847 So.2d 871, 878 (¶ 17) (Miss.Ct.App.2002)). However, we will rule on an ineffective-assistance-of-counsel claim when: “(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Id. Here, all of Herrington’s claims are confined to the record and can be found within the trial transcript. Accordingly, we will consider his ineffective-assistance-of-counsel claim.
A. Eliciting Testimony Regarding Money Owed
¶ 13. Herrington first argues that his trial counsel provided ineffective assistance of counsel by eliciting testimony from McNeal during cross-examination that he owed Herrington money for drugs. During cross-examination the following exchange took place between defense counsel and McNeal:
Q. Why do you owe [Herrington] money? I mean, you were saying you owed him only $13. Why do you owe him money?
A. It was for drugs.
Q. Drugs. I see. And were you there that morning to purchase drugs?
A. No, I wasn’t there to purchase drugs that morning. I was dropping my nephew off there. After I seen him, I was going in my pocket to give him money.
¶ 14. As noted above, “counsel’s choice [to] ... ask certain questions ... fall[s] within the ambit of trial strategy.” Carr, 873 So.2d at 1003 (¶ 27). Because the questions asked and the answers elicited could be considered trial strategy, we decline to find trial counsel’s performance deficient as to this issue. As the State notes: “Defense counsel was trying to suggest to the jury that McNeal [was] a drug user who stopped at Old School to buy drugs and was involved in a drug deal with someone else that went wrong.” Although we cannot conclusively agree with the State’s interpretation of defense counsel’s strategy, we can agree there are viable reasons for which defense counsel would ask such questions. Accordingly, this issue is without merit.
B. Failure to Object to the Introduction of Prior Convictions into Evidence and Failure to Object to the Introduction of More Than One Conviction
¶ 15. Herrington also asserts his trial counsel erred by failing to object to *1246 the introduction of his prior convictions into evidence and by failing to object to the introduction of more than one conviction. While Herrington asserts his trial counsel failed to stipulate to his status as a felon, the record reflects that both parties agreed that he was a convicted felon. However, his trial counsel did fail to object to the introduction of his prior convictions. The following exchange took place during the trial:
The Court: ... [I]t’s been agreed by and between the parties that the Circuit Clerk’s testimony is no longer necessary, [and] that the defendant is a convicted felon. Anything further?
[The State]: I would like to have the two sentencing orders admitted into evidence at this time. We would like to have them admitted into—
The Court: Is there an objection?
[The Defense]: No, sir.
The Court: Let the record reflect there’s no objection. I’ll allow them to be admitted into evidence.
¶ 16. While trial counsel is entitled to the presumption that his actions fall within the ambit of sound trial strategy, that presumption is not absolute. Here, the State theorized that Herrington shot McNeal because McNeal owed Herrington thirteen dollars for drugs. Herrington asserted McNeal owed him money because he had bailed McNeal of out jail after McNeal ran a road block. The introduction of the three prior convictions, all drug related, supported the State’s theory as to motive, and thus prejudiced Herrington. The three prior convictions also tainted Herrington’s testimony as to why McNeal owed him money. It is likely the jury inferred that Herrington was lying due to his prior drug-related convictions.
¶ 17. We can find no justification under the umbrella of trial strategy for trial counsel’s decision to stipulate to Herring-ton’s status as a prior felon and then permit all three of his convictions to be introduced into evidence. Moreover, even if trial counsel did not stipulate that Her-rington was a prior felon, only one prior conviction was needed to establish his status. We find trial counsel was deficient in failing to object to the introduction of the three prior convictions, and that deficiency prejudiced Herrington. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
C. Failure to Request a Limiting Instruction
¶ 18. Finally, Herrington claims his trial counsel was ineffective because he failed to request a limiting instruction for the jury regarding the introduction of Her-rington’s prior convictions. Again, we find this falls under sound trial strategy, and trial counsel’s performance was not deficient. This Court has previously stated: “We are ... mindful that counsel’s decision whether to request a limiting instruction regarding a part of the evidence against the accused may also be a part of trial strategy.” Moss v. State, 977 So.2d 1201, 1214 (¶ 32) (Miss.Ct.App.2007). Furthermore, “a limiting instruction ‘can actually focus the jury’s attention on sensitive information^]’ ” Id. (quoting Sipp v. State, 936 So.2d 826, 381 (¶ 9) (Miss.2006)). Because the decision of whether or not to request a limiting instruction falls under the umbrella of trial strategy, we find this issue is without merit.
II. Denial of Right to a Fair Trial Due to Introduction of Prior Convictions
¶ 19. Herrington argues he was denied the right to a fair trial by the admission of his three prior convictions. Defense counsel agreed to Herrington’s status as a prior felon; therefore, the in *1247 troduction of any of his prior convictions was unnecessary. Even if defense counsel did not agree to Herrington’s status as a previously convicted felon, the State only needed to prove one prior felony. Miss. Code Ann. § 97-37-5(1). Because only one conviction was necessary, Herrington argues the other convictions were inadmissible evidence under Mississippi Rules of Evidence 403 and 404(b).
¶ 20. With regard to the admissibility of evidence, decisions are left to the sound discretion of the trial court so long as they are “within the boundaries of the Mississippi Rules of Evidence.” Moss, 977 So.2d at 1207 (¶ 4). The trial court’s decision will not be found in error unless it has abused its discretion. Id. Furthermore, in Mississippi, it is well-settled law that “[t]he failure to make a timely objection to an issue at trial waives consideration of the issue on appeal.” Johnson v. State, 75 So.3d 63, 67 (¶ 10) (Miss.Ct.App.2011) (citations omitted). “The [trial] court will not be held in error on a matter that was never presented for its consideration.” Id. Here, no objection was made to the introduction of the sentencing orders into evidence. Indeed, when the State moved to introduce the orders into evidence, the trial judge asked: “Is there an objection?” to which defense counsel stated: “No, sir.”
¶ 21. Although no objection was made at trial, we may still review the trial court’s decision under the plain-error doctrine. Mitchell v. State, 788 So.2d 853, 855 (¶ 8) (Miss.Ct.App.2001). An error falls under the plain-error doctrine “if it ‘affects substantive rights of the defendant.’ ” Id. at (¶ 9) (quoting Porter v. State, 749 So.2d 250, 261 (¶ 36) (Miss.Ct.App.1999)). “When this Court is analyzing the case to determine if plain error has occurred[,] we must ask ourselves if there is anything that ‘seriously affects the fairness, integrity or public reputation of judicial proceedings.’ ” Id. at 855-56 (¶ 9) (citation omitted). Furthermore, we must determine whether there has been a “violation of a legal rule that could be considered ‘plain,’ ‘clear,’ or ‘obvious’ and was prejudicial on the result of the trial.” Id.
¶ 22. Mississippi Rule of Evidence 403 states: “Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Mississippi Rule of Evidence 404(b) states, in part: “Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” Rule 404(b) goes on to state: “It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.”
¶ 23. In Old Chief v. United States, 519 U.S. 172, 177, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), defense counsel attempted to stipulate to the defendant being a previously convicted felon, and the prosecution refused to agree to the stipulation. Thereafter, over defense counsel’s objections, the district court allowed the defendant’s prior convictions to be admitted into evidence. Id. The United States Supreme Court reviewed the admission of the evidence under Federal Rules of Evidence 403 and 404(b). Old Chief, 519 U.S. at 180-82, 117 S.Ct. 644. The Supreme Court held:
In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of convic *1248 tion, and it was an abuse of discretion to admit the record when an admission was available.
Id. at 191, 117 S.Ct. 644. In Sawyer v. State, 2 So.3d 655, 660 (¶ 28) (Miss.Ct.App.2008), we held that Old Chief is applicable to Mississippi Rules of Evidence 403 and 404(b) and governs in situations of this nature.
¶ 24. The instant case is distinguishable from both Old Chief and Sawyer because the State agreed to the stipulation, and defense counsel did not object to the introduction of the prior convictions. However, the analysis of introduction of prior convictions under Rules 403 and 404(b) is still relevant. We find the probative value is substantially outweighed by the danger of unfair prejudice, and the trial judge committed plain error by admitting the evidence.
¶ 25. The jury did not need to know the details of Herrington’s prior convictions to reach a verdict on the charge of felon in possession of a weapon; it needed only to know that there was one prior felony conviction. The type of prior conviction has no probative value regarding whether Her-rington was a felon in possession of a weapon. Therefore, once the parties agreed to Herrington’s status as a previously convicted felon, there was no probative value in introducing the details of his prior convictions into evidence.
¶ 26. Furthermore, the danger in admitting Herrington’s prior convictions is that the jury would use them as improper evidence of guilt or bad character. As discussed previously, the State’s theory was that Herrington shot McNeal because McNeal owed him money for drugs, a claim that Herrington denied. Thus, not only did the introduction of Herrington’s prior drug-related convictions into evidence improperly support the State’s theory, it prejudiced Herrington by unfairly impeaching his testimony regarding the reason McNeal owed him money. Because the danger of unfair prejudice substantially outweighs the discounted probative value in admitting the prior convictions, the evidence should have been excluded.
¶ 27. Old Chief and Sawyer are clear that once the parties stipulate to the defendant’s status as a previously convicted felon, admittance of the prior convictions into evidence is a violation of Rule 403 and Rule 404(b). Moreover, the admittance of such evidence clearly affects the substantive rights of the defendant. Accordingly, we find the trial court committed plain error, and reverse and remand for further proceedings consistent with this opinion.
III. Failure to Provide a Limiting Instruction as to Herrington’s Prior Convictions
¶ 28. In his final issue on appeal, Herrington argues the trial judge should have sua sponte issued a limiting instruction to the jury regarding the introduction of his three prior convictions. Mississippi Rule of Evidence 105 states: “When evidence which is admissible-as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.” Rule 105 requires that the party affected by the introduction of evidence request a limiting instruction. If no request is made, the trial court cannot be found in error. See M.R.E. 105 cmt.
¶ 29. In Biggs v. State, 942 So.2d 185 (Miss.Ct.App.2006), we addressed a case similar to the one at hand. In that case, O’Neal Biggs was convicted of felony shoplifting. Id. at 188 (¶ 2). During the guilt phase of the trial, the State introduced evidence of Biggs’s two prior convictions for shoplifting, which elevated his charge *1249 from a misdemeanor to a felony. Id. at 189 (¶ 5). Biggs argued a limiting instruction should have been given to the jury regarding the admission of his prior convictions. Id. at 190 (¶ 6). Because his trial counsel did not request a limiting instruction, he argued the trial judge should have issued one sua sponte. Id. In deciding the issue, we referenced the holding in Brown v. State, 890 So.2d 901, 913 (¶ 36) (Miss.2004), which states: “Today we abandon [prior case law’s] requirement that a judge issue a sua sponte limiting instruction and return to the clear language of Rule 105. The rule clearly places the burden of requesting a Rule 404(b) limiting instruction upon counsel.” Biggs, 942 So.2d at 190 (¶ 6). Accordingly, we held the issue was without merit. Id.
¶ 30. It is clear that under Mississippi Rule of Evidence 105 and current Mississippi case law, a trial judge is not required to sua sponte issue a limiting instruction. Because defense counsel failed to request a limiting instruction, the trial court was under no obligation to issue one to the jury. Thus, we find this issue is without merit.
¶ 31. THE JUDGMENT OF THE CLAIBORNE COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAIBORNE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES AND FAIR, JJ., CONCUR. RUSSELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY CARLTON, J. ROBERTS, CARLTON AND MAXWELL, JJ., DISSENT WTHOUT SEPARATE WRITTEN OPINION.